**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEBRA TAYLOR JOHNSON,

    Plaintiff,

vs.                                            CASE NO. 3:06-cv-341-J-33TEM

STEIN MART, INC.,

    Defendant.
_____

**O R D E R**

This case came before the Court on January 12, 2007 for telephonic hearing on Plaintiff's Motion to Compel Discovery (Doc. #11)[1], Defendant's response thereto (Doc. #14) and the additional replies that the Court permitted (Docs. #21, #23).[2] The parties were permitted to present argument and responded to specific questions of the Court. For the reasons stated on the record, which is incorporated herein,[3] the instant motion is **GRANTED IN PART AND DENIED IN PART**. Although the Court ruled on this matter from the bench, this Order is subsequently issued to provide clarification.

Thus, upon due consideration it is hereby **ORDERED:**

---

[1] The Court notes Plaintiff filed additional documents related to the motion to compel (*see* Docs. #12 and #13), which in some instances duplicated the exhibits attached to the motion and in other instances contained additional information. The Court has made every effort to review and consider all the pieces of information Plaintiff provided.

[2] The Court notes Plaintiff filed her reply to Defendant's response on two separate occasions (*see* Docs. #21 and #22). As the first filing contained more information than the second, the Court has given the first reply its consideration.

[3] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

1. Defendant shall provide written correspondence to Plaintiff that outlines the scope of Defendant's search for email records, including the name of the software utilized to conduct such a search. Defendant shall state the email retention policy/program that existed during the term of Plaintiff's employment and, if different, the retention policy/program that currently exists. Defendant shall produce any non-privileged email correspondence that Plaintiff requested

2. The parties are directed to meet and discuss the function of the E3 computer program and the data retained under that program. Plaintiff is permitted to issue a request for production of documents under that program, provided the request is sufficiently tailored to matters related to this litigation.

3. The parties are directed to meet and discuss, item by item, the entries in each of the two privilege logs Defendant has produced to Plaintiff, and in the third privilege log Defendant intends to produce in the near future. The parties shall discuss the nature of the privilege asserted as to each item and to attempt to reach agreement as to whether the item should continue to be withheld under the asserted privilege. After the parties have genuinely attempted to resolve the question of privilege as to all withheld items, **the Court has agreed to conduct a limited in camera review of those items remaining in dispute**. If items remain in dispute, the parties shall advise the Court by moving for an in camera inspection within ten (10) business days of the date of this Order.

4. Further production of documents under Plaintiff's request for production #4 is **deemed moot** by agreement of the parties and shall not be required.

5. Further production of documents as to email correspondence under Plaintiff's request for production #1(G) is **granted to the extent** non-privileged documents remain outstanding and are within the possession, custody or control of Defendant.

6. Further production of documents as to the request for E3 data under Plaintiff's request for production #1(H) is **denied without prejudice**. Plaintiff is permitted to present a more narrowly tailored request for production, as stated in paragraph 3 above.

7. Further production of documents under Plaintiff's requests for production #9, #11 and #15 is **granted to the extent**: (a) such documents exist within the possession, custody or control of Defendant; and, (b) such documents are not protected from production by the work product doctrine or attorney/client privilege.

8. Plaintiff's Motion to Compel Discovery (Doc. #11) is **otherwise denied**.

8. The parties shall comply with the terms of this Order **within the next ten (10) business days**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of January, 2007.

Copies to all counsel of record
 and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

3