UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA TAYLOR JOHNSON,

     Plaintiff,

vs.                                  CASE NO. 3:06-cv-341-J-34TEM

STEIN MART, INC.,

     Defendant.

_____

## O R D E R

This case is before the Court on the Plaintiff's Motion for Disqualification and/or Recusal of Magistrate Judge (Doc. #98, Motion), filed on April 6, 2009, and pursuant to the referral by the Honorable District Court Judge Marcia Morales Howard.[1] Defendant's opposition to the instant motion (Doc. #100) was filed on April 23, 2009. Plaintiff seeks the disqualification of the Honorable Thomas E. Morris, claiming that "Magistrate Judge Morris's conduct demonstrates, at a minimum, an apparent bias or prejudice against Plaintiff and Plaintiff's counsel such that disqualification/recusal is mandatory." (Doc. #98 at 8.) The conduct of which Plaintiff complains is the ruling in which the Court denied Plaintiff's Rule 56(f) Motion to Reopen Discovery to Respond to Defendant's Motion for Summary Judgment and further upheld the privileged nature of numerous emails that were inadvertently disclosed by Defendant to Plaintiff in December 2006 and of other items listed on Defendant's privilege logs (*see* Doc. #95, Court Order and Opinion).

_____

[1]The judicial officer against whom the disqualification or recusal is sought is the first to review and consider the request. *See In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir. 1980); *see also McKenzie v. McClatchie,* No. 05-CV-618A(F), 2008 WL 138085 (W.D.N.Y. Jan. 10, 2008) *and Miami Valley Carpenters Dist. Council Pension Fund v. Scheckelhoff*, 123 F.R.D. 263, 266 (S.D. Ohio 1988).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  It is further set forth that a judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Any doubt "must be resolved in favor of recusal."  *See Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).  When considering recusal, the potential conflict must be considered as it applies to the entire case.  *Id.* at 1310-11.  A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned" by a "disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought."  *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523-24 (11th Cir. 1988).

However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.  *United States vs. Malmsberry*, 222 F.Supp.2d 1345 (M.D. Fla. 2002) (citing *United States vs. Greenspan*, 26 F.3d 1001 (10th Cir. 1994)).  An unsubstantiated suggestion of personal bias or prejudice is insufficient to warrant recusal or disqualification.  *Id.* at 1349 (internal citations omitted).  Thus, a presiding judge is strongly encouraged not to recuse or disqualify himself at the mere request of a party.  Further, disqualification should not be had because of a litigant's "intemperate" or "scurrilous" attacks.  *Id.*  In this case, the Court does not find after a thorough review of the record that the impartiality of the undersigned might reasonably be questioned based upon the facts cited in the Plaintiff's Motion.

Section 28 U.S.C. 455(b) spells out certain situations in which partiality is presumed and recusal is required.[2] After reviewing the explicitly enumerated conflicts of interest in which recusal is mandatory under section 455(b), if the Court does not find that any apply, the judge is obligated to continue to preside over the case. *See Lawal v Winners Int'l Rest. Co. Operations, Inc.*, No. 1:01-CV-0913-WSD, 2006 WL 898180, at * 4 (N.D. Ga. Apr. 6, 2006) (holding a trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true).[3] In this case, the undersigned does not preside over the case as a whole, but sits as the assigned magistrate judge responsible for non-dispositive motions and other matters when referred by the

---

[2]Subsection 455 (b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."; 455 (b)(2): "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."; 455 (b)(3): where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."; 455(b)(4): where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."; or 455(b)(5)(i): "[w]here he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... [i]s party to the proceeding, or an officer, director, or trustee of a party."; 455(b)(5)(ii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is acting as a lawyer in the proceeding."; 455(b)(5)(iii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding."; 455(b)(5)(iv): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is to the judge's knowledge likely to be a material witness in the proceeding."

[3]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent.

district judge. Nonetheless, review of the factors enumerated in section 455(b) reveals

none apply in this instance.

Plaintiff alternatively relies on 28 U.S.C. § 144, which sets forth the conditions under

which a judge shall recuse or disqualify himself from a case on the basis of personal bias

or prejudice.[4] Specifically, section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a
> timely and sufficient affidavit that the judge before whom the matter is
> pending has a personal bias or prejudice either against him or in favor of any
> adverse party, such judge shall proceed no further therein, but another judge
> shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or
> prejudice exists, and shall be filed not less than ten days before the
> beginning of the term at which the proceeding is to be heard, or good cause
> shall be shown for failure to file it within such time. A party may file only one
> such affidavit in any case. It shall be accompanied by a certificate of counsel
> of record stating that it is made in good faith.

28 U.S.C. § 144 (2006).

The elements of bias and prejudice addressed by section 144, were incorporated

into 28 U.S.C. § 455 with an extensive rewriting of section 455 in 1974. *Liteky v. U.S*, 510

U.S. 540, 546-48 (1994). The 1974 revision to section 455, clearly set forth that "[a]ny

justice, judge, or magistrate of the United States" fell within the reach of that statute. 28

U.S.C. § 455(a); *Liteky v. U.S.,* 510 U.S. at 546-47. In *Liteky*, the Supreme Court found the

"extrajudicial source doctrine"[5] applied to recusal motions brought under § 455(a), just as

---

[4]Plaintiff's reference to 28 U.S.C. § 2106 as statutory authority requiring the disqualification and/or recusal of the undersigned, does not apply to this Court's consideration of the instant motion. *See* Doc. #98 at ¶ 6. Should Plaintiff appeal the ruling contained within this order, 28 U.S.C. § 2106 may become relevant.

[5]Opinions of a court that arise from an extrajudicial source, that is a source from
(continued...)

it applies to those matters arising under § 144. *Liteky v. U.S.,* 510 U.S. at 554. The Court

also remarked that section 144 seems to be properly invocable only when section 455(a)

can be invoked as well. *Id.* at 548.

The legal test for 28 U.S.C. § 144 is the same as that for 28 U.S.C. § 455. *In re*

*Corrugated Container Antitrust Litigation,* 614 F.2d 958, 965 (5th Cir. 1980).[6] These two

statutes are construed *in para materia. Id.*; *see also U.S. v. Kelley*, 712 F.2d 884, 889 (1st

Cir. 1983) (noting that a trial judge does not immediately recuse himself when an affidavit

of personal bias or prejudice is filed under section 144, but the judge must consider the

legal sufficiency of the affidavit and the test for the legal sufficiency of a motion for

disqualification is the same under 28 U.S.C. § 455 and 28 U.S.C. § 144); *U.S. v. Carignan*,

600 F.2d 762, 764 (9th Cir. 1979) (adopting the Fifth Circuit reasoning that sections 144 and

455 must be construed *in pari materia* and the test for disqualification is the same under

both statutes).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

motion." *Liteky v. U.S.,* 510 U.S. at 555. The extrajudicial source doctrine is the most

common, but not exclusive, basis for establishing "disqualifying bias or prejudice." *Id.* at

---

[5](...continued)
outside of the judicial proceedings at hand, which a party views as prejudicial or biased, are significantly more likely than those opinions derived from the internal judicial proceedings to establish a disqualifying bias or prejudice. *Liteky v. U.S.*, 510 U.S. at 544-45, 550-56. Further, judicial remarks that are disapproving, critical, impatient, or even hostile toward counsel, the parties or the parties' cases are typically insufficient to support a bias or partiality claim. *Id.* at 555.

[6]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

554-56. Controlling case law of the Eleventh Circuit holds that matters "arising out of the course of judicial proceedings are not a proper basis for recusal." *Id.* at 543, *affirming U.S. v. Liteky*, 973 F.2d 910 (11th Cir. 1992). Here, Plaintiff's allegations of bias are based on rulings of the undersigned unfavorable to Plaintiff and the censure of Plaintiff's counsel by the undersigned clearly made within the context of judicial proceedings.

The underlying facts are simple. Plaintiff's counsel challenged the privileged nature of every item listed on Defendant's privilege logs and sought to have those items reviewed by the Court.[7] Plaintiff's counsel received inadvertently disclosed privileged emails from Defendant in the course of discovery.[8] Defendant's counsel timely requested return of the inadvertently disclosed items. Plaintiff's counsel did not return the emails, but rather chose to insert selected content from certain emails into Plaintiff's filings with this Court. The undersigned conducted a thorough review and analysis of all items claimed as privileged and submitted to the Court *in camera*, including the inadvertently disclosed emails, and

---

[7]The Court reviewed *in camera*, those documents relating to only three of Defendant's four privilege logs prepared during the course of this litigation; the contents of Defendant's initial disclosures privilege log were not subject to *in camera* inspection.

[8]The record reveals those inadvertently disclosed emails were sent to Plaintiff on December 7, 2006 (Doc. #90, Exh. A). On December 1, 2006, Rule 26(b)(5) of the Federal Rules of Civil Procedure was amended to include two subsections. Under the new provision, if information produced in discovery is subject to a claim of privilege or a claim of protection as trial-preparation material, and the party making the claim so notifies the other party, the then notified party "must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B). Further, the producing party must preserve the information until the claim is resolved. *Id.*

determined each item listed in Defendant's privilege logs was in fact either privileged in nature or was not discoverable.[9] Conduct of Plaintiff's counsel in refusing to return the inadvertently disclosed emails and choosing instead to repeat select portions of those emails in Plaintiff's filings with the Court on the public record was found to be worthy of reprimand.[10] The Court chose to issue its censure in the context of the challenged Order and Opinion (Doc. #95), rather than initiate other potential sanctions. Plaintiff and Plaintiff's counsel now challenge the Court's action as demonstrative of personal bias against Plaintiff.[11]

---

[9]The terms "privilege" and "privileged" used in this context also incorporate the work product doctrine.

[10]The Court characterized the conduct of Plaintiff's counsel on this matter as "reprehensible" in the Order and Opinion that has given rise to the present dispute. *See* Doc. #95 at 11. Reprehensible is a descriptive term defined as "worthy of censure or rebuke." *Webster's II New College Dictionary*, 941 (1999).

[11]In defense of his actions regarding the inadvertently disclosed emails, Plaintiff's counsel correctly notes the ABA opinion to which this Court referred in the March 20, 2009 Order and Opinion had been previously withdrawn. The Court regrets any inconvenience this oversight may have caused. The Court's research on the topic of professional responsibility regarding the inadvertent production of confidential materials revealed the existence of Formal Opinion 92-368 issued by the American Bar Association Standing Committee on Ethics and Professional Responsibility on November 10, 1992. The opinion remains on Westlaw without any signal or notation that would indicate it has been withdrawn by the issuing source. Nevertheless, the Court did not rely on the withdrawn opinion in making its determinations on the matters before it, nor did the Court rely exclusively on the withdrawn opinion in reaching its own conclusions on the propriety of Plaintiff's counsel's conduct. The conduct of Plaintiff's counsel regarding the inadvertently disclosed emails is inapposite to the level of professionalism and courtesy typically seen in this Court. The mandates of Fed. R. Civ. P. 26(b)(5)(B) were not followed. The spirit, if not the letter, of professional conduct was not followed. With consideration given to the withdrawn posture of the previously cited ABA opinion, the opinion of the undersigned on this matter is unchanged.

Plaintiff's unsworn declaration setting forth the alleged bias of the undersigned is legally insufficient. *See Davis v. Bd. of Sch. Comm'rs of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975) ("[T]he judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged.") (internal citations omitted). First, as Plaintiff acknowledges (Doc. #98-2 at 1), all rulings and comments challenged by Plaintiff are found within the Order and Opinion issued by the undersigned on March 20, 2009 (Doc. #95). There is no extrajudicial source for the rulings or the comments. Second, the comments concerning the behavior of Plaintiff's counsel in his handling of the inadvertent disclosures do not support a pervasive personal bias that would require recusal or disqualification. *See, e.g., Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (noting that even if bias were found to exist against a lawyer, without more it is not bias against the lawyer's client) (internal citation omitted); *Teachers4Action v. Bloomberg*, 552 F.Supp.2d 414 (S.D.N.Y. 2008) (finding plaintiffs' charges of bias or prejudice of magistrate judge were insufficient to warrant disqualification in that the asserted incidents of improper favoritism or antagonism were expressions of annoyance, frustration or anger grounded in the magistrate judge's dissatisfaction with certain actions of plaintiffs' counsel)*; Lawal v. Winners Int'l Restaurants Co. Operations, Inc.,* No. 1:04-CV-0913-WSD, 2006 WL 898180 (N.D. Ga. Apr. 6, 2006) (holding the plaintiff's disagreement with the court's rulings was not sufficient predicate for recusal and noting the trial judge has an obligation not to recuse unless there is reason to do so) (internal citations omitted); *Bethel v. Town of Loxley*, No. 06-573-WS-M, 2006 WL 3361402 (S.D. Ala. Nov. 20, 2006) (denying plaintiffs' motion to recuse or disqualify the magistrate judge when the alleged bias was not demonstrated to be personal as opposed to judicial in nature).

In sum, the Court finds a reasonable person apprised of all the underlying relevant facts would not have significant doubt about the impartiality of this Magistrate Judge. *See U.S. v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (internal citations omitted), *cert. den.*, 490 U.S. 1066 (1989). Furthermore, the Court would also note the undersigned is not in a position to issue judgment on the overall merits of this case.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Disqualification and/or Recusal of Magistrate Judge (Doc. #98, Motion) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of May, 2009.

_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
Counsel of record
The Hon. Marcia Morales Howard